1

2

3

4

DESMARAIS LLP
Ameet A. Modi (Bar No. 331660)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
amodi@desmaraisllp.com

5

*Attorney for Plaintiff Apple Inc.*

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 21-cv-05110 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** |
| v. | |
| VOIP-PAL.COM, INC., a Nevada corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Apple Inc. ("Apple") seeks a declaratory judgment that it does not infringe U.S. Patent No. 8,630,234 (the "'234 patent") (Ex. 1), that the '234 patent is invalid, that Apple does not infringe U.S. Patent No. 10,880,721 (the "'721 patent") (Ex. 2), and that the '721 patent is invalid.

## INTRODUCTION

1.      Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") is a serial (albeit unsuccessful) litigator.  Its four prior cases against Apple have resulted in (1) final judgment in favor of Apple based on the invalidity of the two patents-in-suit; (2) final judgment again in favor of Apple based on the invalidity of four patents-in-suit; (3) voluntary dismissal of a complaint filed in the Western District of Texas; and (4) delivering a covenant not-to-sue to Apple in an attempt to escape invalidation of two more patents.  This case arises out of VoIP-Pal's latest assertion of invalid patents against Apple.

2.      In 2016, VoIP-Pal filed suit against Apple and three other companies ("the 2016 Cases") for alleged infringement of two patents.  At a case management conference, VoIP-Pal assured this Court that it had "no intention to assert any [] other patents against any of the [] defendants." (*See* Case. No. 5:20-cv-02460-LHK, ECF No. 60 at 27, n.5.) This Court found all asserted claims of the two patents invalid under 35 U.S.C. § 101.  The Federal Circuit affirmed that decision.

3.      In 2018, VoIP-Pal filed suit against Apple, as well as Amazon ("the 2018 Cases"). This Court found all asserted claims of the four patents-in-suit invalid under 35 U.S.C. § 101.  The Federal Circuit affirmed that decision, too.

4.      In 2020, unhappy with those results, VoIP-Pal filed a fresh set of lawsuits in the Western District of Texas ("WDTX"), including against Apple (the "2020 Apple WDTX action"). Apple filed a declaratory judgment action in this Court (the "2020 Apple DJ action").  The Western District of Texas court stayed VoIP-Pal's action.  Meanwhile, this Court denied VoIP-Pal's motion to dismiss, explaining (among other things) that the circumstances of VoIP-Pal's lawsuits "suggest that [VoIP-Pal] may be forum shopping, attempting to avoid this Court's unfavorable decisions by filing in another district."  (Case. No. 5:20-cv-02460-LHK, ECF No. 60 at 13.) VoIP-Pal filed a

petition for a writ of mandamus to the Federal Circuit, which was likewise denied.  VoIP-Pal then dismissed its own 2020 Apple WDTX action and issued Apple a (limited) covenant not-to-sue in the 2020 Apple DJ action in an effort to strip this Court of jurisdiction.

5.      In June 2021, despite its assurance to this Court that it had "no intention to assert any [] other patents," VoIP-Pal filed yet another lawsuit against Apple, once again in the Western District of Texas.  As detailed below, VoIP-Pal is once again attempting to forum shop, and it is once again asserting patents that are invalid.

6.      This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code.  Apple seeks declaratory judgments that it does not infringe any claim of the '234 and '721 patents and that the '234 and '721 patents are invalid.  The action arises from a real and immediate controversy between plaintiff Apple and defendant VoIP-Pal as to whether Apple infringes any valid claims of the '234 or '721 patents, each entitled "Mobile Gateway" and attached as Exhibits 1 and 2.

7.      As summarized above and detailed further below, VoIP-Pal previously filed twelve lawsuits—three against Apple—collectively alleging infringement of seven patents that share an inventor and similar subject matter with the '234 and '721 patents.  One of those cases was transferred to this District, and VoIP-Pal consented to transfer of five more of those cases to this District, stipulating that "the convenience of the parties and witnesses favors transfer to the Northern District of California."  (Exs. 3–4.)  In those six cases, two of which were against Apple, this Court found that all six patents at issue were invalid under 35 U.S.C. § 101 for claiming ineligible subject matter.  (Ex. 5 at 44; Ex. 6 at 1–2, 68.)  The Federal Circuit has affirmed both of those decisions.  (Exs. 7–8.)

8.      Seeking to avoid this Court's jurisdiction, VoIP-Pal filed its third case against Apple, and five cases against other companies, in WDTX, alleging infringement of a seventh patent.  (The "2020 Apple WDTX action.")

9.      Given VoIP-Pal's piecemeal litigation campaign and forum-shopping tactics, as well as concerns for judicial efficiency and convenience, Apple filed a declaratory judgment action in this District regarding the patent at issue in the 2020 Apple WDTX action plus another, related

patent.  (The "2020 Apple DJ action.")  As detailed below, the 2020 Apple WDTX action has been dismissed and the 2020 Apple DJ action remains pending in this District.

10.     In every one of the prior litigations between VoIP-Pal and Apple, involving a total of eight patents, the Apple technology at issue has included at least Apple's FaceTime and Messages applications.

11.     On June 25, 2021, VoIP-Pal filed yet another complaint against Apple, alleging infringement of the '234 and '721 patents, again by virtue of Apple's FaceTime and Messages applications.  Despite this District's familiarity with the parties, VoIP-Pal's patents, the technology, the accused instrumentalities, and the currently pending litigation between the parties in this District, VoIP-Pal filed that new lawsuit in WDTX.  (Ex. 9.) (The "2021 Apple WDTX action.")

12.     VoIP-Pal also filed a cluster of lawsuits against AT&T, Verizon, Amazon, Facebook/WhatsApp, Google, and T-Mobile in WTDX, also alleging infringement of the '234 and '721 patents.

13.     VoIP-Pal's bad-faith forum shopping attempts should be disregarded, and in the interests of justice and judicial efficiency, any dispute between VoIP-Pal and Apple concerning the '234 and '721 patents should be adjudicated in this District.

14.     Apple does not infringe and has not infringed the claims of the '234 and '721 patents, and believes that the claims of the '234 and '721 patents are invalid.

15.     VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and Apple as to whether Apple's products and/or services infringe the claims of the '234 and '721 patents, and whether the claims of the '234 and '721 patents are invalid.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## THE PARTIES

16.     Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014.  Apple designs, manufactures, and markets mobile communication and media devices and personal computers, and offers a variety of related

software, services, accessories, networking solutions, and third-party digital content and applications.

17.     On information and belief, VoIP-Pal is a company incorporated under the laws of Nevada.  According to VoIP-Pal's Form 10-Q filed with the United States Securities and Exchange Commission for the quarterly period ending December 31, 2020, the address of VoIP-Pal's principal executive offices was in Bellevue, Washington.  On information and belief, and according to public information, VoIP-Pal's current "principal place of business" at 7215 Bosque Blvd. in Waco, Texas is a "virtual office" available to anyone for $99/month.  (*See* Ex. 10 at 2).

18.     On information and belief, including statements VoIP-Pal made on its website and VoIP-Pal's allegations in litigations it filed in Texas, VoIP-Pal owns the '234 and '721 patents.

## JURISDICTIONAL STATEMENT

19.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

20.     This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Jurisdiction is also proper under 28 U.S.C. § 1332 because Apple and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

21.     This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.  As detailed further below, an actual case and controversy exists at least because Apple does not infringe and has not infringed the claims of the '234 and '721 patents; the claims of the '234 and '721 patents are invalid; VoIP-Pal previously filed lawsuits against Apple alleging infringement of seven patents sharing an inventor and similar subject matter with the '234 and '721 patents; and VoIP-Pal has accused Apple of infringing the '234 and '721 patents in litigation in WDTX.

22.     The '234 patent issued in January 2014, well before any of VoIP-Pal's earlier lawsuits against Apple and the Apple 2020 DJ action.  Similarly, the '721 patent issued in December 2020, during the pendency of 2020 Apple WDTX action and the 2020 Apple DJ action. VoIP-Pal's apparent decision to delay filing suit on the '234 and '721 patents, and its failure to file suit in this District where litigation between the parties involving the same Apple FaceTime and Messages applications is ongoing, demonstrates VoIP-Pal's intent to: (1) litigate its portfolio in piecemeal fashion against Apple and (2) to forum shop in an attempt to avoid unfavorable decisions.

23.     Further demonstrating these intents, on April 8, 2020 (after filing the 2020 Apple WDTX action), VoIP-Pal's CEO publicly stated that despite this District's invalidation of six of VoIP-Pal's patents as a result of the prior litigations against Apple, VoIP-Pal is "undeterred in [its] fight to assert [its] intellectual property rights"; that VoIP-Pal is "not finished"; and that VoIP-Pal "remain[s] firm in [its] resolve to achieve monetization for [its] shareholders and will continue to see this fight through until a successful resolution is reached."  (Exhibit 11.) In December 2020, VoIP-Pal's CEO proclaimed that he has a "duty" "to develop the company's IP and to monetize [VoIP-Pal's] patents." (Ex. 12 at 6.)  And in February 2021, after the Federal Circuit denied VoIP-Pal's mandamus Petition, VoIP-Pal's CEO proclaimed that the company "will never stop fighting." (*Id.* at 2.)

24.     The facts of this dispute establish that this Court has personal jurisdiction over VoIP-Pal.

25.     First, VoIP-Pal has engaged in actions in this District that form the basis of Apple's claims against VoIP-Pal—namely, the prosecution of at least two prior patent infringement lawsuits against Apple in this District involving patents that share an inventor and similar subject matter with the '234 and '721 patents, and in which VoIP-Pal accused the same FaceTime and Messages applications that it now accuses as infringing the '234 and '721 patents.

26.     Second, VoIP-Pal stipulated to the transfer of five prior lawsuits to this District, including both of VoIP-Pal's then-existing lawsuits against Apple.

27.     Third, VoIP-Pal never contested personal jurisdiction in the Northern District of California in its first two lawsuits against Apple.

28.     Fourth, VoIP-Pal has engaged multiple California lawyers or law firms in its infringement lawsuits against Apple.

29.     Fifth, VoIP-Pal has made efforts to enforce its patents in this District, including through a meeting between VoIP-Pal's representatives and representatives for Apple in Sunnyvale, California in April 2016 regarding Apple's potential infringement of VoIP-Pal's patents and VoIP-Pal's efforts to secure a license to its entire patent portfolio from Apple.

30.     Sixth, on information and belief, VoIP-Pal has likely investigated infringement claims against Apple and Twitter, which reside in this District.

31.     The claims at issue in this case arise out of or relate to VoIP-Pal's activities in this District because the activities described above relate to patent enforcement.  For example, the '234 and '721 patents-in-suit share an inventor and similar subject matter as the patents at issue in VoIP-Pal's prior patent infringement lawsuits against Apple in this District (i.e., the 2016, 2018, and 2020 Apple DJ cases).  Moreover, the '234 patent had already issued when representatives of VoIP-Pal met with representatives of Apple in Sunnyvale, California in April 2016 regarding Apple's potential infringement of VoIP-Pal's patents.

32.     As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposefully directed allegations of infringement of VoIP-Pal's patents, including the '234 and '721 patents, at Apple, a company that resides, operates, and designs the accused FaceTime and Messages applications in this District.

33.     In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in this action.  Further, the exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice.

34.     On information and belief, VoIP-Pal's CEO, Emil Malak, is based in Vancouver, Canada.

35.     On information and belief, in 2021 Emil Malak served as VoIP-Pal's corporate representative with decision making authority in three separate settlement conferences with Northern District of California Magistrate Judge DeMarchi.

36.     On further information and belief, most of VoIP-Pal's executives are located near the West Coast.  For example, on information and belief, VoIP-Pal's Founder, CEO, and Director (Emil Malak) lives in or near Vancouver, British Columbia.  On further information and belief, VoIP-Pal Director Dennis Chang lives in San Francisco, California or Utah.   On further information and belief, only one VoIP-Pal employee or executive lives in the state of Texas.

37.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for non-infringement of patents is determined under the general venue statute, 28 U.S.C. § 1391. Additionally, VoIP-Pal consented to transfer to this District two lawsuits that VoIP-Pal filed against Apple.

38.     Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides.  An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

39.     As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, at least for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

**VOIP-PAL'S SERIAL, UNSUCCESSFUL LAWSUITS AGAINST APPLE AND OTHERS**

40.     In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Apple, AT&T, Verizon Wireless, and Twitter, alleging infringement of two patents—U.S. Patent Nos. 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent").  VoIP-Pal asserted that the '815 and '005 patents "represent[ed] fundamental advancements to Internet Protocol ('IP') based communication, including improved functioning, call classification, call routing and reliability for VoIP, messaging, and IP-based transmission of video, photographs and mixed media communications."  (Case No. 5:18-cv-06217-LHK, ECF No. 11 at 2.)

41.     VoIP-Pal consented to transfer of its case against Apple to this District, and between August and November 2018, each of the four cases was transferred to this District and consolidated for pretrial purposes:  Apple (Case No. 5:18-cv-06217-LHK), AT&T (Case No. 5:18-cv-06177-LHK), Verizon Wireless (Case No. 5:18-cv-06054-LHK), and Twitter (Case No. 5:18-cv-04523-LHK) (collectively, the "2016 cases").  (*See* Exs. 3–4.)

42.     Apple and the other defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the asserted claims of the '815 and '005 patents were invalid under 35 U.S.C. § 101.  On March 25, 2019, the Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid in an opinion spanning 45 pages.  (Ex. 5.)

43.     On March 16, 2020, the Federal Circuit affirmed the Court's judgment of invalidity.  (Ex. 7.)

44.     In 2018, VoIP-Pal filed additional lawsuits against Apple and Amazon, alleging infringement of four more patents—U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549.  Those four patents were part of the same family as, and shared a common specification with, the '815 and '005 patents that VoIP-Pal asserted in its earlier litigations.

45.     Similar to its characterization of the '815 and '005 patents, VoIP-Pal alleged that these four patents "originated from breakthrough work and development in the internet protocol communications field" and reflected "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communication between internet protocol based systems and networks, such as internally controlled systems and external networks (e.g., between private networks and public networks), including the classification and routing thereof."  (Case No. 5:18-cv-06216-LHK, ECF No. 65 at 4.)

46.     VoIP-Pal consented to transfer of its case against Apple to this District:  Apple (Case No. 5:18-cv-6216-LHK) and Amazon (Case No. 5:18-cv-7020-LHK) (collectively, the "2018 cases").  (*See* Ex. 3.)

47.     Apple and Amazon filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the asserted claims of the four asserted patents were invalid under 35 U.S.C. § 101.

On November 19, 2019, this Court granted the motion to dismiss and found all asserted claims of the four patents to be invalid in an opinion spanning 68 pages.  (Ex. 6.)

48.     On November 3, 2020, the Federal Circuit affirmed the Court's judgment of invalidity.  (Ex. 8.)

49.     While the 2016 and 2018 cases were pending, VoIP-Pal's U.S. Patents 9,935,872 (the "'872 patent") and 10,218,606 (the "'606 patent") issued.  The '872 and '606 patents are in the same family as VoIP-Pal's previously asserted patents.  Despite the pending lawsuits in this District, VoIP-Pal apparently chose to delay assertion.

50.     In April and May 2020, after six of its patents were held invalid in the 2016 and 2018 Cases in this District, VoIP-Pal filed six additional lawsuits, alleging infringement of the '606 patent against Apple (Civil Action No. 20-cv-275), AT&T, Verizon, Amazon, Google, and Facebook/Whatsapp—this time in WDTX.   Again, VoIP-Pal asserted that the '606 patent "originated from breakthrough work and development in the internet protocol communications field" and reflected "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including the classification and routing thereof."  (Case No. 6:20-cv-00275-ADA, ECF No. 26 at 3–4.)

51.     Given this District's familiarity with the parties and VoIP-Pal's patents, and VoIP-Pal's piecemeal litigations, Apple filed the 2020 Apple DJ action in this District on April 10, 2020 seeking declaratory judgement of non-infringement and invalidity of the '606 patent.  On April 14, 2020, Apple amended its complaint to seek declaratory judgement of non-infringement and invalidity of the '872 patent.  (Case No. 20-cv-02460, ECF Nos. 1, 10.)  AT&T, Verizon, and Twitter filed similar complaints regarding the '606 patent.[1]  In its answer to Apple's amended complaint, VoIP-Pal asserted that the '872 patent, like its other patents, "originated from

---

[1] Twitter later filed an additional declaratory judgment complaint regarding the '872 patent.

breakthrough work and development in the internet protocol communications field" and reflected "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including the classification and routing thereof." (Case No. 5:20-cv-02460-LHK, ECF No. 62 at 8.)

52.     On July 10, 2020, VoIP-Pal filed a motion to dismiss the 2020 Apple DJ action and the other pending declaratory judgement actions based, in part, on first-to-file grounds.

53.     On September 29, 2020, the Western District of Texas court (Judge Alan Albright) stayed VoIP-Pal's actions against Apple, AT&T, Verizon, Amazon, Google, and Facebook/Whatsapp pending this Court's decisions on VoIP-Pal's July 10, 2020 motion concerning the first-to-file rule and other jurisdictional arguments. (Ex. 13.)

54.     In this District, the Court denied VoIP-Pal's motion on December 11, 2020. (Case No. 20-cv-02460, ECF No. 60). The Court explained that the cases should proceed in the Northern District of California ("NDCA") because: (1) it would be more efficient given the Court's familiarity with the patent family and the parties; (2) NDCA offers easier access to sources of proof; (3) it would prevent conflicting decisions concerning the patent family; (4) the WDTX cases were filed just days before the DJ cases; and (5) "circumstances suggest[ed] that [VoIP-Pal] may be forum shopping, attempting to avoid this Court's unfavorable decisions." (*Id.* at 9–14.)

55.     On January 13, 2021, VoIP-Pal petitioned the Federal Circuit for a writ of mandamus, seeking to reverse the Court's denial of its motion to dismiss on first-to-file grounds (the "Petition").

56.     The Federal Circuit denied VoIP-Pal's Petition, holding that the District Court's "conclusion that it would be far less efficient for the Western District of Texas to resolve these cases . . . [wa]s particularly well supported." (Case No. 20-cv-02460, ECF No. 72 at 3–5.) The Federal Circuit further held that the District Court's concern regarding forum shopping was

reasonable, and discredited inappropriate allegations of bias and prejudgment proffered by VoIP-Pal. (*Id.* at 4.)

57.     After the Federal Circuit denied VoIP-Pal's Petition, VoIP-Pal realized that the WDTX Court would likely transfer its cases to this District.  (*See In re: VoIP-Pal*, Case No. 21-112, Fed. Cir., ECF No. 2-1 at 44–45.)  On March 24, 2021, again seeking to avoid litigating this District, VoIP-Pal filed another motion to dismiss, this time under Fed. R. Civ. P. 12(b)(1), based on a limited, concurrently-granted covenant not to sue ("CNS") regarding the '872 and '606 patents. (Case No. 20-cv-02460, ECF No. 75.)  VoIP-Pal did the same for each of the remaining NDCA plaintiffs.

58.     Additionally on March 24, 2021, VoIP-Pal dismissed the 2020 Apple WDTX action regarding the '606 patent.  (Ex. 14.)  VoIP-Pal also dismissed or consented to dismiss the WDTX actions pending against AT&T and Verizon.

59.     On April 21, 2021, Apple filed an opposition to VoIP-Pal's motion to dismiss the 2020 Apple DJ action.  Among other reasons, VoIP-Pal's CNS was insufficient to divest the Court of subject matter jurisdiction because VoIP-Pal failed to covenant regarding future products, despite Apple's practice of regularly releasing new products and software updates and VoIP-Pal's proven practice of filing serial litigations against Apple.  The Court has not yet decided the motion.

60.     VoIP-Pal's actions in response to the Federal Circuit's denial of its mandamus Petition further evidence VoIP-Pal's forum shopping tactics described above.  In particular, VoIP-Pal's actions demonstrate its intent to avoid this District's jurisdiction.

61.     As of the filing of this Complaint, Apple's 2020 DJ action—as well as AT&T's and Twitter's actions—remain pending in this District before the Honorable Lucy H. Koh.  Apple has continued to pursue its declaratory judgment claims, including by serving invalidity contentions regarding the '872 and '606 patents on May 26, 2021.

62.     On June 25, 2021, VoIP-Pal filed yet another lawsuit against Apple, in WDTX, alleging infringement of the '234 and '721 patents.  (Civil Action No. 20-cv-275, the "2021 Apple WDTX action").  (Ex. 9.)  On the same day, VoIP-Pal also filed suits alleging infringement of the

'234 and '721 patents against AT&T, Verizon, Amazon, Facebook/WhatsApp, Google, and T-Mobile.

63.     The '234 and '721 patents share an inventor (Johan Emil Viktor Björsell) with all of VoIP-Pal's previously asserted patents and, according to VoIP-Pal, again "originated from breakthrough work and development in the internet protocol communications field" and reflect "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems."  (Ex. 9 at 4.)

64.     In addition to the overlapping subject matter of VoIP-Pal's many asserted patents, each of the litigations between VoIP-Pal and Apple—including the 2016 action, the 2018 action, and the 2020 Apple DJ action that have all proceeded in this District—concern or concerned, among other issues, whether Apple infringes VoIP-Pal's patents by virtue of its FaceTime and Messages applications.

65.     Apple researched, designed, developed, and tested the accused FaceTime and Messages applications in or near its corporate headquarters in this District.  For example, nearly all of Apple's engineers who participated in or are knowledgeable about the research, design, and development of FaceTime and Messages have a primary place of work in this District.

66.     Additionally, Apple maintains its business records related to the research, design, and development of FaceTime and Messages in this District.

67.     The Western District of Texas has not previously adjudicated the parties' disputes regarding VoIP-Pal's patents.

68.     VoIP-Pal's complaint in the 2021 Apple WDTX action identifies claim 20 of the '234 patent and claim 38 of the '721 patent as "exemplary" claims that are allegedly infringed by Apple.  Apple believes that it does not infringe and has not infringed the "exemplary" claims or

the other claims of the '234 and '721 patents, and that the claims of the '234 and '721 patents are invalid.

69.    A real and immediate controversy exists between Apple and VoIP-Pal as to the non-infringement and invalidity of the '234 and '721 patents.

70.    Furthermore, in the interests of justice and judicial efficiency (among other reasons), any dispute between VoIP-Pal and Apple concerning the '234 and '721 patents should be adjudicated in this District.

## INTRADISTRICT ASSIGNMENT

71.    For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.  Apple believes that the case should be assigned to the Honorable Lucy H. Koh, who is currently presiding over the 2020 Apple DJ action as well as AT&T and Twitter's declaratory judgment actions against VoIP-Pal, and further presided over VoIP-Pal's prior lawsuits against Apple and other companies.  (*See, e.g.*, Case Nos. 5:18-cv-6216-LHK; 5:18-cv-6217-LHK.)

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment That Apple Does Not Infringe The '234 Patent)

72.    Apple repeats and realleges each and every allegation contained in paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes at least claim 20 of the '234 patent.

74.    Apple does not infringe, and has not infringed, at least "exemplary" claim 20 of the '234 patent.  Apple does not infringe claim 20 of the '234 patent at least because no Apple product or service meets or embodies at least the following limitation:  "to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier."  In the 2021 Apple WDTX action, VoIP-Pal appears to allege that this limitation is satisfied in the context of Apple's FaceTime and Messages

applications by: (1) a "caller's Apple mobile telephone communicat[ing] one or more packets with the Apple DNS servers to seek" an "IP address[] associated with the Apple Calling server[]" from a "pool" of such IP addresses; and (2) a "caller's Apple mobile telephone communicat[ing] the packets with the Apple Calling servers to seek . . . information asking the Apple Calling servers how to exchange an iMessage or setup and initiate a FaceTime call . . . compris[ing] an Internet Protocol (IP) address associated with an Apple Calling server."  (Ex. 9 at 139–40 (2021 Apple WDTX action, ECF No. 1-4 at 15–16.))  Even if VoIP-Pal's factual allegations regarding the functionality of Apple's FaceTime and Messages applications were accurate (which Apple disputes at this stage), this cannot satisfy this limitation at least because the alleged IP addresses are not "access code[(s)] from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier."  Additionally, Apple's Messages application cannot satisfy this limitation at least because Messages does not provide calling functionality and therefore cannot be used for "local call[ing]" and/or to "call the callee identified by the callee identifier."

75. In the ongoing 2020 Apple DJ action proceeding before Judge Koh in this District, VoIP-Pal has identified that multiple similar terms of the '606 and '872 patents—including "a first participant identifier," "second participant identifier," "third participant identifier," and "destination identifiers," among others—require construction.  (Ex. 15.)  Accordingly, this Court will already be evaluating claim construction disputes similar or related to those that could arise in this Action.

76. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes at least claim 20 of the '234 patent.

77. Apple is entitled to judgment declaring that it does not infringe the '234 patent.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment That The Claims Of The '234 Patent Are Invalid)**

78.     Apple repeats and realleges each and every allegation contained in paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether at least claim 20 of the '234 patent is valid.

80.     The claims of the '234 patent are invalid under 35 U.S.C. § 101.

81.     For example, as described above, VoIP-Pal asserts that the '234 patent "originated from breakthrough work and development in the internet protocol communications field" and reflects "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems." (Ex. 9 at 4.)  VoIP-Pal claimed at least the patents at issue in the 2018 cases were directed at these same improvements.  (Case No. 5:18-cv-06216-LHK, ECF No. 65 at 4.)  Despite these alleged "improvements," the Court in the 2018 cases held that the asserted patents were invalid under 35 U.S.C. § 101.  (*See* Ex. 6.)  The claims of the '234 patent are similarly invalid under 35 U.S.C. § 101.

82.     By way of example, the claims of the '234 patent are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that the Court held was abstract in analyzing several representative claims of six other VoIP-Pal patents sharing an inventor and similar subject matter with the '234 patent.  (*See, e.g.*, Exs. 5–6.)  Furthermore, consistent with this Court's earlier judgments concerning similar VoIP-Pal patents, none of the elements of the '234 patent's claims recite an inventive concept, either individually or as an ordered combination.  For example, the claims (including claim 20) recite generic computer components (like a "mobile telephone apparatus," a "processor circuit," a

"network interface," and a "server") that VoIP-Pal did not invent and that operate in their expected manner.

83.   Second, the claims of the '234 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because its claims are anticipated and/or rendered obvious by prior art.  For example, exemplary claim 20 is invalid under 35 U.S.C. §§ 102 and/or 103 because it is anticipated and/or rendered obvious in view of at least Cisco Systems, Inc.'s CallManager system, U.S. Patent 7,016,343 to Mermel, Vonage Holdings Corp.'s Vonage Voice-Over-IP system, and/or Digifonica International Ltd.'s system (as described in, *e.g.*, IPR-2016-01198, Ex. 2016).

84.   Third, the claims of the '234 patent are invalid under 35 U.S.C. § 112.  For example, exemplary claim 20 is invalid under 35 U.S.C. § 112 at least because the limitation "a period of time" is indefinite and the limitations including "associated with" are indefinite and fail to meet the enablement requirements.

85.   In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '234 patent is valid.

86.   Apple is entitled to judgment declaring that the claims of the '234 patent are invalid at least under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment That Apple Does Not Infringe The '721 Patent)**

87.   Apple repeats and realleges each and every allegation contained in paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88.   In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes at least claim 38 of the '721 patent.

89.   Apple does not infringe, and has not infringed, at least "exemplary" claim 38 of the '721 patent.  Apple does not infringe claim 38 of the '721 patent at least because no Apple product or service meets or embodies at least the following limitation:  "the access code reply message including an access code based on the location identifier in the access code request message."  In

1  the 2021 Apple WDTX action, VoIP-Pal appears to allege that this limitation is satisfied in the

2  context of Apple's FaceTime and Messages applications by: (1) "In one or more communications

3  with the Apple DNS servers, the caller's Apple mobile telephone obtains all or part of the access

4  code, comprising the IP addresses associated with the Apple Calling servers. The access code,

5  comprising the IP addresses associated with the Apple Calling servers, is associated with the

6  location identifier identifying a geographical location of the caller's Apple mobile telephone. The

7  caller's Apple mobile telephone communicates with the Apple DNS servers using an IP address

8  associated with the caller's Apple mobile telephone, which comprises the location identifier . . . .

9  The Apple DNS servers use the IP address associated with the caller's Apple mobile telephone to

10  resolve the DNS queries for IP addresses associated with the Apple server infrastructure. The

11  Apple DNS servers resolve the DNS queries within the block of IP addresses assigned to Apple.

12  The Apple DNS servers use the IP address associated with the caller's Apple mobile telephone as

13  the location identifier to return IP addresses within the block assigned to Apple for geographically

14  situated servers associated with the Apple server infrastructure."; and (2) "In one or more

15  communications with the Apple Calling servers, the caller's Apple mobile telephone obtains all or

16  part of the access code, comprising the information from the Apple Calling servers on how to

17  exchange an iMessage or setup and initiate a FaceTime call. The access code, comprising the

18  information from the Apple Calling servers on how to exchange an iMessage or setup and initiate

19  a FaceTime call, is associated with the location identifier identifying a geographical location of

20  the caller's Apple mobile telephone. The caller's Apple mobile telephone uses the iMessage and

21  FaceTime software applications to communicate with the Apple Calling servers using an IP

22  address associated with the caller's mobile telephone, which comprises the location identifier . . .

23  . The Apple Calling servers use the IP address associated with the caller's mobile telephone to

24  establish the shared secret and derive the session keys for the media channels. The Apple Calling

25  servers use the IP address associated with the caller's Apple mobile telephone as the location

26  identifier to establish the shared secret and derive the session keys for the media channels for

27  geographically situated servers associated with the Apple server infrastructure." (Ex. 9 at 173–75

28  (2021 Apple WDTX action, ECF No. 1-5 at 20–22.))   Even if VoIP-Pal's factual allegations

1  regarding the functionality of Apple's FaceTime and Messages applications were accurate (which
2  Apple disputes at this stage), this cannot satisfy this limitation at least because: (1) the IP addresses
3  of Apple servers are not based on a location identifier identifying a geographical location of a
4  device making a FaceTime call or sending a message; and (2) any alleged "information from the
5  Apple Calling servers on how to exchange an iMessage or setup and initiate a FaceTime call" is
6  not based on a location identifier identifying a geographical location of a device making a
7  FaceTime call or sending a message.

8      90.    In the ongoing 2020 Apple DJ action proceeding before Judge Koh in this District,
9  VoIP-Pal has identified that multiple similar terms of the '606 and '872 patents—including
10  "destination identifiers," "a location associated with the first participant device," and "a location
11  associated with the new second participant identifier," among others—require construction.  (Ex.
12  15.)  Accordingly, this Court will already be evaluating claim construction disputes similar or
13  related to those that could arise in this Action.

14      91.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate
15  controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple
16  infringes at least claim 38 of the '721 patent.

17      92.    Apple is entitled to judgment declaring that it does not infringe the '721 patent.

18  ### FOURTH CLAIM FOR RELIEF

19  **(Declaratory Judgment That The Claims Of The '872 Patent Are Invalid)**

20      93.    Apple repeats and realleges each and every allegation contained in paragraphs 1
21  through 92 of this Complaint as if fully set forth herein.

22      94.    In view of the facts and allegations set forth above, there is an actual, justiciable,
23  substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the
24  other, regarding whether at least claim 38 of the '721 patent is valid.

25      95.    First, the claims of the '721 patent are invalid under 35 U.S.C. § 101.  For example,
26  as described above, VoIP-Pal asserts that the '721 patent "originated from breakthrough work and
27  development in the internet protocol communications field" and reflects "significant
28  improvements to communications technology by the invention of novel methods, processes and

apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems." (Case No. 6:21-cv-00670, ECF 1 at 4.)  VoIP-Pal claimed at least the patents at issue in the 2018 cases were directed at these same improvements. (Case No. 5:18-cv-06216-LHK, ECF No. 65 at 4.)  Despite these alleged "improvements," the Court in the 2018 cases held that the asserted patents were invalid under 35 U.S.C. § 101. (*See* Ex. 6.)  The '721 patent is similarly invalid under 35 U.S.C. § 101.

96.     By way of example, the claims of the '721 patent are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that the Court held was abstract in analyzing several representative claims of six other VoIP-Pal patents sharing an inventor and similar subject matter with the '721 patent. (*See, e.g.*, Exs. 5–6.)  Furthermore, consistent with this Court's earlier judgments concerning similar VoIP-Pal patents, none of the elements of the '721 patent's claims recite an inventive concept, either individually or as an ordered combination.  For example, the claims (including claim 38) recite generic computer components (like a "wireless apparatus," a "processor circuit," a "network interface," and a "server") that VoIP-Pal did not invent and that operate in their expected manner.

97.     Second, the claims of the '721 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because its claims are anticipated and/or rendered obvious by prior art.  For example, exemplary claim 38 is invalid under 35 U.S.C. §§ 102 and/or 103 because it is anticipated and/or rendered obvious in view of at least Cisco Systems, Inc.'s CallManager system, U.S. Patent 7,016,343 to Mermel, Vonage Holdings Corp.'s Vonage Voice-Over-IP system, and/or Digifonica International Ltd.'s system (as described in, *e.g.*, IPR-2016-01198, Ex. 2016).

98.     Third, the claims of the '721 patent are invalid under 35 U.S.C. § 112.  For example, exemplary claim 38 is invalid under 35 U.S.C. § 112 at least because the limitations including "associated with" are indefinite and fail to meet the enablement requirements.

99.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '721 patent is valid.

100.    Apple is entitled to judgment declaring that the claims of the '721 patent are invalid at least under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

Apple respectfully requests the following relief:

A.    That the Court enter a judgment declaring that Apple has not infringed and does not infringe the '234 patent;

B.    That the Court enter a judgment declaring that the claims of the '234 patent are invalid;

C.    That the Court enter a judgment declaring that Apple has not infringed and does not infringe the '721 patent;

D.    That the Court enter a judgment declaring that the claims of the '721 patent are invalid;

E.    That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Apple its attorneys' fees, costs, and expenses incurred in this action;

F.    That the Court declare that VoIP-Pal's counsel has multiplied proceedings unreasonably and vexatiously and must satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of its conduct under 28 U.S.C. § 1927;

G.    That in light of, among other things, VoIP-Pal's serial and baseless litigations against Apple, the Court award Apple its attorneys' fees, costs, and expenses incurred in this action under its inherent authority;

H.    That the Court award Apple any and all other relief to which Apple may show itself to be entitled; and

I.    That the Court award Apple any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Apple hereby demands a jury trial on all issues and claims so triable.


DATED: July 1, 2021

sBy: _/s/ Ameet A. Modi_____
DESMARAIS LLP
Ameet A. Modi (Bar No. 331660)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
amodi@desmaraisllp.com

_Attorney for Plaintiff Apple Inc._